THE HONORABLE JUDGE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE DAVIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KING COUNTY LIBRARY, *et al.*,<br><br>　　　　　　Defendants. | Case No.  2:22-cv-01169-RAJ<br><br>**ORDER DISMISSING ACTION** |

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. # 6. Based on the reasoning below, the Court *sua sponte* **DISMISSES** the action for failure to state a claim and **DENIES** the request for appointment of counsel.

### A.     IFP Complaint

On August 22, 2022, Plaintiff, proceeding *pro se*, filed a form complaint against Defendant King County Library and several librarians. Dkt. # 1. He also filed a motion to proceed in forma pauperis and motion for appointment of counsel. Dkt. ## 1, 6. The Court granted Plaintiff's motion to proceed in forma pauperis. Dkt. # 4.

Section 1915(e)(2)(B) of Title 28 authorizes a district court to dismiss an IFP complaint "at any time" if the court determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is

ORDER - 1

immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

An IFP complaint must also comply with the pleading requirements of Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(1)(2). Although Rule 8's pleading standard does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Plaintiff alleges that in June 2022, he was harassed by teenage patrons and banned from the library. The complaint fails to specify facts with respect to the named defendants, and only alleges "silent harassment" and "untrue statements" by librarians. Dkt. # 1-1 at 6. Plaintiff's allegations with respect to Defendants are entirely conclusory and thus fail to raise a "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. Even construing all allegations in the light most favorable to Plaintiff and giving due deference to his *pro se* status, the complaint fails to "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). As such, the Court dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

B. **Request for Appointment of Counsel**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. Dkt. # 6. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.

ORDER - 2

*Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Here, because the Court dismisses Plaintiff's complaint for failure to state a claim upon which relief can be granted, the Court **DENIES** Plaintiff's request to appoint counsel as moot.

## II.  CONCLUSION

For the reasons stated above, the Court *sua sponte* **DISMISSES** the action for failure to state a claim and **DENIES** the request for appointment of counsel.  Dkt. # 6.

DATED this 31st day of October, 2022.

*[signature]*

The Honorable Richard A. Jones
United States District Judge